GORDILS, PLAINTIFF AND APPELLANT, *v.* BLÁZQUEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Arecibo in an Action for Damages.—Motion to Correct Statement of Case.

No. 2893.—Decided January 29, 1924.

APPEAL— CORRECTION OF RECORD— INCORPORATION OF EVIDENCE— STATEMENT OF CASE.—The proper proceeding for incorporating in the statement of the case evidence which the court refused to admit is not the correction of the record authorized by Rule 55 of the Supreme Court. When such incorporation is allowable the Supreme Court may permit that a correction of the record be moved for in the trial court so that the evidence not admitted and any other evidence which might have served as a basis for the refusal may be incorporated.

The facts are stated in the opinion.

*Messrs. Llorens Torres & Arroyo* for the appellant.

*Mr. F. Santoni* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a motion to correct a statement of the case. It transpires that during the trial in the court below the appellant offered a certain letter in evidence, which was objected to and its admission denied. Thereupon the appellant made a formal written motion to the court to reconsider its action and to this motion appellant attached the letter in question. In the resulting stenographer's notes the motion was copied, but the letter was not transcribed. The appellant now asks that the motion for a reconsideration with its exhibit, the letter, be added to the record. The appellee objected with considerable show of reason to the tardy moment at which the motion was presented when the record has been pending here for months.

Nevertheless, the exclusion of the letter is one of the principal errors assigned and it seems a case of justice to overlook the tardiness, especially as we think the letter ought to have been included in the evidence incorporated in the stenographer's notes. Perhaps we may take judicial notice of the attempt of appellant made by certiorari to have the letter included.

The appellant only asks that a copy of the motion of reconsideration be included in the record. The letter then, however, would still not form part of the evidence certified by the judge. The court excluded the letter and it does not appear in the incorporated evidence. If the letter could now be included in the record or considered by this court, the appellee or the judge below, as the case may be, ought to be given an opportunity to present any other proof already admitted at the trial in opposition to the said letter. The better and surer practice is to follow the method outlined in *Pérez Hnos.* v. *Arenas,* 30 P. R. R. 98, and permit an amended or supplemental record to be filed. See also decision of January 28, 1924. A supplemental certificate by

the judge would be the surest method. Therefore, we shall make an appropriate order calling for such supplemental certificate.

*Motion sustained.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.